## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 19-10085-01-EFM

IBAN MARTINEZ-ENRIQUEZ,

*Defendant.*

## MEMORANDUM AND ORDER

In August 2019, Petitioner Iban Martinez-Enriquez ("Petitioner") pleaded guilty to possession of a firearm by a prohibited person and using the firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). The Court sentenced Petitioner to 144 months' imprisonment. Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 56). In this motion, Petitioner contends that he received ineffective assistance of counsel. As will be explained below, the Court denies Petitioner's § 2255 claim.

### I.        Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On May 21, 2019, Petitioner was indicted on ten counts. On May 24, 2019, counsel was appointed.

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States*.[1]  In that decision, the court held that for prosecutions of possession of a firearm by certain individuals under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), "the [g]overnment must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."[2]  Thus, the United States Supreme Court decided that as an element of the crime, an individual must know that he "belonged to the relevant category of persons barred from possessing a firearm."[3]

On August 9, 2019, an Information was filed charging Petitioner with possession of a firearm by a felon and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A).  On that same date, Petitioner waived his right to indictment and entered a guilty plea to both counts charged in the Information.  During this hearing, the Court questioned Petitioner as to whether he knew he did not have to answer to the Information.  Petitioner indicated that he wanted to proceed and plead guilty to the charges set forth in the Information.  Petitioner then pleaded guilty to the factual predicate of knowing that he was prohibited from possessing firearms by virtue of a prior felony conviction.  Specifically, Petitioner indicated that he had multiple convictions out of Barton County with potential sentences of more than a year and he was on supervision for those offenses when the instant offense occurred.  He also pleaded guilty to the fact that he possessed a firearm between September 11 and October 1 of 2018 for the purpose of protecting his controlled substances.

---

[1] --- U.S. ---, 139 S. Ct. 2191 (2019).

[2] *Id.* at 2194.

[3] *Id.* at 2200.

On October 21, 2019, the Court sentenced Petitioner to 144 months' imprisonment and three years' supervised release.  Petitioner did not appeal.  On March 23, 2020, Petitioner filed this motion under 28 U.S.C. § 2255 to vacate his sentence.  As discussed below, based on a review of the record, the Court finds Petitioner's assertions of error to be without merit and denies Petitioner's motions.

## II.      Legal Standard

Under 28 U.S.C. § 2255(a):

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> [t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[5]

---

[4] 28 U.S.C. § 2255(b).

[5] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

Finally, Petitioner appears pro se.  Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[7]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[8]  It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant."[9]

## III.    Analysis

Petitioner asserts that he received ineffective assistance of counsel.  In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[10]  Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[11]  To prevail on the first prong, a petitioner must demonstrate that the omissions of

---

[6] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[7] *Hall v Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[8] *Id.*

[9] *Id.*

[10] 466 U.S. 668 (1984).

[11] *Id.* at 687-89.

his counsel fell "outside the wide range of professionally competent assistance."[12]  With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[14]  This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[15]

In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[16]  Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[17] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[18]

Petitioner asserts that he received ineffective assistance of counsel because his counsel advised him to sign a Waiver of Indictment which took away his Fifth Amendment due process protection.  He claims that the government should have been required to present evidence to the

---

[12] *Id*. at 690.

[13] *Id.* at 694.

[14] *Id*.

[15] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[16] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[17] *Strickland*, 466 U.S. at 690.

[18] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

grand jury seeking an indictment, and his counsel was ineffective in advising him to plead to the Information.  The record contradicts Petitioner's assertion.

At Petitioner's change of plea, Petitioner pleaded to an Information.  This Court discussed with Petitioner in detail that he had the right to insist upon an Indictment and that he did not have to sign a consent and waiver agreeing to go forward with the charges set forth in the Information. Petitioner indicated that he understood, that he knew what he was doing, and wanted to proceed in that manner.  He also indicated that he had spoken with his counsel.  His counsel also stated that he was confident that Petitioner understood what rights Petitioner was waiving.  Finally, the Court asked Petitioner if he was satisfied with this counsel's handling of the case to which Petitioner said "yes."  Thus, Petitioner's contention that his counsel was deficient in advising him to plead to the Information is contrary to the representations Petitioner made to the Court.

Furthermore, Petitioner then signed the Waiver of Indictment during the plea hearing.  This written waiver specifically states that Petitioner waives in open court "prosecution by indictment and consent that the proceeding may be by information rather than by indictment."  Thus, the written waiver and plea colloquy with the Court conclusively establish that Petitioner was aware of the choice he was making and that he was satisfied with his counsel's representation. Accordingly, Petitioner cannot establish ineffective assistance of counsel.

Petitioner also asserts that the government would not have been able to convict him at trial for the § 922(g) violation due to the United States Supreme Court's ruling in *Rehaif* that an individual must know that he belonged to the class of individuals prohibited from possessing a firearm.  The *Rehaif* decision was released on June 21, 2019.  The Information in this case was filed on August 9, 2019.  The Information set forth the elements of Count One, 18 U.S.C. § 922(g)(1), as Petitioner "having been convicted of a crime punishable of a term of imprisonment

exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, said firearm having been shipped and/or transported in interstate commerce, and did so *knowing of his prohibited status*, all in violation of Title 18, United States Code, Section 922(g)(1), with reference to Title 18, United States Code, Section 924(a)(2)."[19]  The Information included the necessary elements, and Petitioner pleaded to that Information.

Furthermore, the Court inquired as to these elements at Petitioner's plea colloquy.  As noted above, the Court questioned Petitioner about his prohibited status.  Petitioner admitted that he had several prior convictions in state court that he received, or could have received a sentence, of up to more than one year.  Petitioner also admitted that as a result of those sentences, he had lost his right to be in possession of a firearm.  Thus, Petitioner agreed to the factual basis that he belonged to a class prohibited from possessing a firearm.

"Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[20]  Here, Petitioner made declarations in Court that contradict his current assertions.

Based on the above evidence, the record demonstrates that Petitioner's plea was knowingly and voluntarily made with a complete understanding of its consequences.  An evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record.  Petitioner does not provide the Court with a basis for vacating his sentence.  Thus, Petitioner's § 2255 motion is without merit and is denied.

---

[19] Doc. 28 at 1 (emphasis added).

[20] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[21]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[22]  For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 56) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[22] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).