**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES,

      *Plaintiff,*

  vs.

IBAN MARTINEZ-ENRIQUEZ,

      *Defendant.*

Case No. 19-cr-10085-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Iban Martinez-Enriquez's Motion to Reduce Sentence (Doc. 79). He contends that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On August 9, 2019, Defendant waived indictment and pleaded guilty to an Information charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a prohibited person ("Count 1"), and a violation of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime ("Count 2"). On October 21, 2019, the Court sentenced Defendant to 84 months' imprisonment on Count 1 and 60 months' imprisonment on Count 2 to be served consecutively for a total of 144 months' imprisonment.

On May 15, 2026, Defendant filed this motion seeking a reduction in sentence. He argues that his sentence should be reduced because he is eligible for a two-point reduction under Part A of Amendment 821 of the revised sentencing guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines as reflected in Amendment 821.[3] Part A of Amendment 821 limits the impact of criminal history points, or "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4] Relevant to this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[5]

The Presentence Investigation Report indicates that for Count 1, Defendant has a subtotal criminal history score of four, but two status points were added because Defendant committed the

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited June 16, 2026); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] U.S.S.G. § 4A1.1.

offense while under a criminal justice sentence. Thus, his total criminal history score is six, and his criminal history category is III. Under the revised guidelines, Defendant would receive no status points, resulting in a criminal history score of four rather than six.[6] A criminal history score of either four or six places Defendant in criminal history category III. Thus, the reduction of two points would not change Defendant's sentence. Accordingly, Defendant's motion to reduce his sentence is without merit, and the Court dismisses Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 79) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 25th day of June, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] *See* U.S.S.G. § 4A1.1(e) (stating that a defendant will receive an additional one point if the defendant "committed the instant offense while under any criminal justice sentence" and received seven or more points in the previous subsections).